FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

SEP 29 2009

By: _____ James N. Hatten
Deputy Clerk   Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

METRO PETRO, LLC,                    )
                                     )
    Plaintiff,                       )
                                     )
v.                                   )   CASE NO. _____
                                     )
FIROZ LILYWALA; GJ 50 OIL            )   3 09-CV-106 JTC
LLC; JONESBORO 54 OIL,               )
LLC; SOHEL LILYWALA; and             )
SALIMA LILYWALA,                     )
                                     )
    Defendants.                      )

## COMPLAINT

COMES NOW Plaintiff Metro Petro, LLC (Metro Petro) and hereby files this Complaint, showing the Court the following:

1.

This is an action for civil damages brought under The Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-68 *et seq.* ("Federal RICO"); the Georgia RICO Act (O.C.G.A. § 16-14-1, et seq.) and various other tort claims under Georgia law.

1

2.

This Court has jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. § 1331 and pendant jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.

Plaintiff Metro Petro is a limited liability company organized under the laws of the State of Georgia. Metro Petro is a supplier of petroleum products for resale by gas stations and convenience stores across the metropolitan Atlanta area.

4.

Defendant Firoz Lilywala is an individual and resident of Fayette County in the State of Georgia. He may be served at his residence address at 130 Southmoor Lane, Fayetteville, Georgia 30215. Defendant Firoz Lilywala is subject to the jurisdiction and venue of this Court.

5.

Defendant Sohel Lilywala is an individual and resident of Fayette County in the State of Georgia. He may be served at his residence address at 130 Southmoor Lane, Fayetteville, Georgia 30215. Defendant Sohel Lilywala is subject to the jurisdiction and venue of this Court.

6.

Defendant Salima Lilywala is an individual and resident of Fayette County in the State of Georgia. She may be served at her residence address at 130 Southmoor Lane, Fayetteville, Georgia 30215. Defendant Salima Lilywala is the wife of Defendant Firoz Lilywala. Defendant Salima Lilywala is subject to the jurisdiction and venue of this Court.

7.

Defendant GJ 50 Oil LLC ("GJ 50 Oil") is a limited liability company organized under the laws of the State of Georgia. Defendant GJ 50 Oil's principal office address is 130 Southmoor Lane, Fayetteville, Georgia 30215. Defendant GJ 50 Oil may be served through its registered agent Salima Lilywala at 130 Southmoor Lane, Fayetteville, Georgia 30215, or through one of its managing members Firoz Lilywala. Defendant GJ 50 Oil is subject to the jurisdiction and venue of this Court.

8.

Defendant Jonesboro 54 Oil, LLC ("Jonesboro 54") is a limited liability company organized under the laws of the State of Georgia. Defendant Jonesboro 54's principal office address is 130 Southmoor Lane, Fayetteville, Georgia 30215.

3

Defendant Jonesboro 54 may be served through its registered agent Sohel Lilywala at 130 Southmoor Lane, Fayetteville, Georgia 30215. Defendant Jonesboro 54 is subject to the jurisdiction and venue of this Court.

## **FACTUAL BACKGROUND**

9.

Defendant Firoz Lilywala has owned, operated and managed gas stations and convenience stores located in the Northern District of Georgia for more than five years.

10.

Defendant Sohel Lilywala is the brother of Defendant Firoz Lilywala and has assisted or participated in the ownership, operation and management of the gas station and convenience stores described in paragraph 9 of the Complaint.

11.

For several years, Defendant Firoz Lilywala has systematically and routinely engaged in the submission of fraudulent and false charges to credit card companies from his convenience stores located in the Northern District of Georgia. The false charges submitted were frequently on the credit cards of motorists traveling the

4

federal interstate highway system through Georgia.

12.

In 2008, Defendant Firoz Lilywala was indicted in the Superior Court of Troup County Georgia on seventeen charges of financial transaction card fraud arising from fraudulent charges submitted from one of Defendant Firoz Lilywala's convenience stores in Troup County, specifically Shell Food Mart No. 5 located at 1945 E. Main Street, Hogansville, GA 30230, just off Exit 28 on Interstate 85 in Troup County. As of the date of filing this Complaint, these criminal charges against Defendant Firoz Lilywala remain pending trial in Troup County Superior Court.

13.

Some time in 2008 after his indictment in Troup County, Defendant Firoz Lilywala sold his Shell Food Mart No. 5 located at 1945 E. Main Street, Hogansville, GA 30230.

14.

In October 2008, Defendant Firoz Lilywala entered into an agreement to purchase another convenience store located at 3819 Jonesboro Road, Atlanta, Georgia 30354 (the "Jonesboro Road Store"), located just off of Exit 55 on

5

Interstate 285.

15.

On or about October 20, 2008, Defendant Firoz Lilywala and Defendant Salima Lilywala organized and authorized the filing for articles of organization for Defendant GJ 50 Oil LLC. Defendant Firoz Lilywala and Defendant Salima Lilywala are each managers and members of Defendant GJ 50 Oil LLC.

16.

Simultaneously on October 20, 2008, acting under the direction of Defendant Firoz Lilywala, Defendant Sohel Lilywala organized and authorized the filing of articles of organization for Defendant Jonesboro 54 Oil, LLC. Defendant Sohel Lilywala is the manager and member of Defendant Jonesboro 54 Oil, LLC.

17.

On October 30, 2008, Defendant GJ 50 Oil LLC, acting under the direction of Defendants Firoz Lilywala and Salima Lilywala, purchased the Jonesboro Road Store, consummating Defendant Firoz Lilywala's agreement to purchase the store.

18.

Immediately after the purchase of the Jonesboro Road Store, Defendants Firoz Lilywala and Sohel Lilywala began operating and managing that store.

6

19.

Metro Petro reached and entered into a verbal agreement with Defendant Firoz Lilywala in late October 2008, under which Metro Petro agreed to supply petroleum products for resale at the Jonesboro Road Store. To secure payment for the petroleum products, Defendant Firoz Lilywala agreed to pay Metro Petro from the proceeds of credit card sales at the Jonesboro Road Store.

20.

Like most convenience stores, the Jonesboro Road Store accepts credit cards and debit cards from customers for the purchase of fuel.

21.

The Jonesboro Road Store's credit card processing services were performed by Marathon Petroleum Company, LLC, a Delaware limited liability company that is not a party to this case. Metro Petro reached and entered a verbal agreement with Brooks Enterprises d/b/a Lance Oil Company, a petroleum products supplier that is not a party to this case, whereby Metro Petro would be allowed to use Lance Oil Company's credit card processing account with Marathon Petroleum Company, LLC for credit card sales to consumers at the Jonesboro Road Store. This agreement allowed Metro Petro to provide petroleum products for resale at

7

the Jonesboro Road Store in exchange for the payment through the proceeds of the credit card sales.

22.

In order to allow the Jonesboro Road Store to use the proceeds from payment by credit card sales for the purchase of fuel products from Metro Petro LLC, Defendant Firoz Lilywala expressly authorized the remittance of proceeds from the credit card sales from Marathon Petroleum Company LLC (the credit card processor) to Metro Petro, or for the benefit of Metro Petro, to pay for fuel products supplied by Metro Petro to the Jonesboro Road Store.

23.

From late October 2008 through approximately March 9, 2009, Metro Petro supplied the Jonesboro Road Store with petroleum products for resale. During that time, Metro Petro dealt directly with Defendant Firoz Lilywala, who held himself out to be the owner or responsible principal for the Jonesboro Road Store.

24.

On or about March 9, 2009, Metro Petro learned from Lance Oil Company that the Jonesboro Road Store credit card processing had been flagged by Marathon Petroleum Company LLC for suspicious activity regarding manually

8

entered credit card charges at the Jonesboro Road Store. Based on the information regarding the suspicious credit card activity, Metro Petro terminated its supplier relationship with Defendant Firoz Lilywala and the Jonesboro Road Store at that time.

25.

Defendant Firoz Lilywala manually submitted false and fraudulent charges on numerous credit card numbers from the Jonesboro Road Store.

26.

For the period of November 1, 2008 through March 10, 2009, there were a minimum of nine hundred six (906) unauthorized credit card charges, totaling $79,828.31, reported from the Jonesboro Road Store on Wright Express card accounts **alone.**

27.

Wright Express is a leading provider of payment processing and information management services and is not a party to this case.

28.

On September 2, 2009, Metro Petro learned of a request from the credit card processing company for invoices from the Jonesboro Road Store to support

9

numerous suspicious credit card transactions that were being investigated for chargebacks because of customer complaints.

29.

Metro Petro has suffered $79,828.31 in chargeback losses due to Wright Express card chargebacks attributed to the Jonesboro Road Store for the period November 1, 2008 through March 10, 2009.

30.

Metro Petro believes that additional chargebacks on account of credit card fraud at the Jonesboro Road Store are imminent as credit card companies continue to investigate fraud complaints and irregularities at the Jonesboro Road Store.

## Count I

## FEDERAL RICO Section 1962(c) Claim

31.

Plaintiff adopts and incorporates herein by reference paragraphs 1 through 30 above.

32.

Defendant Firoz Lilywala has orchestrated, operated, and managed a criminal enterprise to defraud and steal money from motorists purchasing fuel at

10

his convenience stores in the Northern District of Georgia through the routine and systematic submission of fraudulent credit transactions to financial institutions.

33.

This criminal enterprise has included Defendants Sohel Lilywala, Salima Lilywala, Jonesboro 54 Oil, LLC, and GJ 50 Oil LLC.

34.

Defendant Sohel Lilywala, the brother of Defendant Firoz Lilywala, has assisted Defendant Firoz Lilywala in operating and managing the convenience stores in the Northern District that have been engaged in the criminal racketeering activity. Specifically, Defendant Sohel Lilywala has assisted in the operation and management of the Jonesboro Road Store.

35.

Defendant Sohel Lilywala also is the sole and managing member of Jonesboro 54 Oil, LLC. Jonesboro 54 Oil, LLC was created at the direction of Defendant Firoz Lilywala for use in the furtherance of the operation of the criminal enterprise at the Jonesboro Road Store. Specifically, Jonesboro 54 Oil, LLC was created as an undercapitalized shell entity to be used to evade civil liability once the illegal conduct at the Jonesboro Road Store was uncovered.

11

36.

Although neither Defendant Sohel Lilywala nor Defendant Jonesboro 54 Oil, LLC owned the Jonesboro Road Store, Sohel Lilywala and Jonesboro 54 Oil, LLC entered a written credit card processing agreement with Metro Petro and Lance Oil for the processing of credit card sales from the Jonesboro Road Store. The agreement was executed this way under the direction of Defendant Firoz Lilywala, the true owner and operator of the Jonesboro Road Store, in an effort to evade and avoid responsibility under the terms of the written agreement when his illegal conduct at the Jonesboro Road Store was discovered.

37.

Defendant Salima Lilywala is one of two members and managers (the other being Defendant Firoz Lilywala) of Defendant GJ 50 Oil, LLC. Defendant GJ 50 Oil, LLC was the entity created for the purpose of shielding Defendant Firoz Lilywala and Defendant Salima Lilywala from liability for the illegal racketeering activity being conducted by Defendant Firoz Lilywala at the Jonesboro Road Store. Defendant GJ 50 Oil, LLC is the legal entity that owns the Jonesboro Road Store. It was created with the direct knowledge of Defendant Salima Lilywala that Defendant Firoz Lilywala had engaged and continued to engage in the illegal

submission of fraudulent credit card transactions to financial institutions.

38.

For several years, Defendant Firoz Lilywala has illegally submitted fraudulent credit card transactions to credit card companies from his convenience stores in the Northern District of Georgia in an effort to defraud financial institutions and to obtain the funds of motorists in the possession and custody of financial institutions.

39.

After the purchase of the Jonesboro Road Store in October 2008, Defendant Firoz Lilywala manually processed over nine hundred fraudulent credit card transactions, transmitted by means of wire in interstate commerce, in the first four months of his ownership and operation of the Jonesboro Road Store.

40.

Each of the over nine hundred fraudulent credit card transactions constitutes an independent predicate act violating both 18 U.S.C. § 1343 and 18 U.S.C. § 1344.

41.

As a result of Defendant Firoz Lilywala's criminal actions, Plaintiff has

13

suffered $79,828.31 in damages. These damages arise from credit card chargebacks for approximately nine hundred six (906) unauthorized credit card charges on Wright Express card accounts from the Jonesboro Road Store for the period of November 1, 2008 through March 10, 2009. These chargebacks have required the repayment to the credit card company by Plaintiff of $79,828.31. Defendant Firoz Lilywala has refused to repay Plaintiff for these chargebacks.

42.

Plaintiff is entitled to recover at least $239,484.93 for current treble damages plus reasonable attorney fees and costs against Defendant Firoz Lilywala pursuant to 18 U.S.C. § 1964(c) for Defendant Firoz Lilywala's violation of 18 U.S.C. § 1962(c), plus any continuing and future damages for additional chargebacks.

## Count II

## FEDERAL RICO Conspiracy Claim Section 1962(d)

43.

Plaintiff adopts and incorporates herein by reference paragraphs 1 through 42 above.

44.

As described in the facts outlined above, Defendant Sohel Lilywala agreed

and conspired to assist Defendant Firoz Lilywala in the furtherance of the activities described in this Complaint.

45.

As described in the facts outlined above, Defendant GJ 50 Oil LLC agreed and conspired to assist Defendant Firoz Lilywala in the furtherance of the activities described in this Complaint.

46.

As described in the facts outlined above, Defendant Salima Lilywala agreed and conspired to assist Defendant Firoz Lilywala in the furtherance of the activities described in this Complaint.

47.

As described in the facts outlined above, Defendant Jonesboro 54 Oil, LLC agreed and conspired to assist Defendant Firoz Lilywala in the furtherance of the activities described in this Complaint.

48.

Plaintiff is entitled to recover $239,484.93 in treble damages plus reasonable attorney fees and costs against all Defendants Sohel Lilywala, Salima Lilywala, Jobesboro 54 Oil, LLC, and GJ 50 Oil, LLC pursuant to 18 U.S.C. § 1964(c) for

15

their violation of 18 U.S.C. § 1962(d), plus any continuing and future damages for additional chargebacks.

## Count III

## GEORGIA RICO Claim

### 49.

Plaintiff adopts and incorporates herein by reference paragraphs 1 through 48 above.

### 50.

Defendant Firoz Lilywala's conduct constitutes a violation of the Georgia RICO Act (O.C.G.A. § 16-14-1, et seq.), by repeatedly engaging in the predicate acts of theft by taking, O.C.G.A. § 16-8-2, and financial transaction card fraud O.C.G.A. § 16-9-33.

### 51.

As a result of Defendant Firoz Lilywala's criminal actions, Plaintiff has suffered $79,828.31 in damages. These damages arise from credit card chargebacks for approximately nine hundred six (906) unauthorized credit card charges on Wright Express card accounts from the Jonesboro Road Store for the period of November 1, 2008 through March 10, 2009. These chargebacks have

16

required the repayment to the credit card company by Plaintiff of $79,828.31. Defendant Firoz Lilywala has refused to repay Plaintiff for these chargebacks.

52.

Plaintiff is entitled to recover at least $239,484.93 for current treble damages plus reasonable attorney fees and costs against Defendant Firoz Lilywala pursuant to O.C.G.A. § 16-14-6(c) for Defendant Firoz Lilywala's violation of O.C.G.A. § 16-14-4(a) and (b), plus any continuing and future damages for additional chargebacks. Plaintiff is also entitled to recover punitive damages pursuant to O.C.G.A. § 16-14-6(c).

## Count IV

## GEORGIA RICO Conspiracy Claim

53.

Plaintiff adopts and incorporates herein by reference paragraphs 1 through 52 above.

54.

As described in the facts outlined above, Defendant Sohel Lilywala agreed and conspired to assist Defendant Firoz Lilywala in the furtherance of the activities described in this Complaint.

17

55.

As described in the facts outlined above, Defendant GJ 50 Oil LLC agreed
and conspired to assist Defendant Firoz Lilywala in the furtherance of the activities
described in this Complaint.

56.

As described in the facts outlined above, Defendant Salima Lilywala agreed
and conspired to assist Defendant Firoz Lilywala in the furtherance of the activities
described in this Complaint.

57.

As described in the facts outlined above, Defendant Jonesboro 54 Oil, LLC
agreed and conspired to assist Defendant Firoz Lilywala in the furtherance of the
activities described in this Complaint.

58.

Plaintiff is entitled to recover $239,484.93 in treble damages plus reasonable
attorney fees and costs against all Defendants Sohel Lilywala, Salima Lilywala,
Jobesboro 54 Oil, LLC, and GJ 50 Oil, LLC pursuant to O.C.G.A. § 16-14-6(c) for
their violation of O.C.G.A. § 16-14-4(c), plus any continuing and future damages
for additional chargebacks. Plaintiff is also entitled to recover punitive damages

18

pursuant to O.C.G.A. § 16-14-6(c).

## Count V

## Money Had And Received Claim

59.

Plaintiff adopts and incorporates herein by reference paragraphs 1 through 58 above.

60.

Defendants have unlawfully assumed and retained control over specific sums of money which do not belong to Defendants, and which could never lawfully have belonged to Defendants.

61.

Defendants have specifically assumed and retained controlled over $79,828.31 for petroleum products that Plaintiff provided to the Jonesboro Road Store, but for which none of the Defendants has ever paid as a result of the credit card chargebacks.

62.

Defendants are liable to Plaintiff in the amount of $79,828.31 under the theory of money had and received.

19

## Count VI

## Unjust Enrichment

63.

Plaintiff adopts and incorporates herein by reference paragraphs 1 through 62 above.

64.

Defendants have been unjustly enriched at Plaintiff's expense in the amount of $79.828.31.

65.

Defendants are liable to Plaintiff in the amount of $79,828.31 for unjust enrichment.

## Count VII

## Punitive Damages Claim

66.

Plaintiff adopts and incorporates herein by reference paragraphs 1 through 65 above.

67.

Defendants are liable for punitive damages, pursuant to O.C.G.A. § 16-14-6(c) and

O.C.G.A. § 51-12-5.1, as Defendants acts and omissions reflect a conscious

disregard of the rights of others. Additionally Defendants actions were willful and

wanton.

## DEMAND FOR JURY TRIAL

68.

Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays for the following relief:

(a)     That summons and process issue to the Defendants as required by

law;

(b)     That Plaintiff receive a trial by jury;

(c)     That judgment be entered in favor of the Plaintiff;

(d)     That Plaintiff receive $239,484.93 for present treble damages, in

addition to treble damages for future and continuing damages, to compensate it for

Counts I and II pursuant to 18 U.S.C. § 1964(c) and for Counts III and IV pursuant

to O.C.G.A. § 16-14-6(c);

(e)     That Plaintiff receive an award of attorneys' fees and expenses under

21

Counts 1 and 2 pursuant to 18 U.S.C. § 1964(c) and for Counts III and IV pursuant
to O.C.G.A. § 16-14-6(c);

    (f)    That Plaintiff be awarded punitive damages;

    (g)    That the costs of this action be charged to Defendant; and

    (h)    For such other and further relief as this Court deems just and proper

under the facts and evidence presented to the Court.

Respectfully Submitted this 29th of September, 2009.

TRAMMELL CAMP LLC

By: _____

Robert T. Trammell, Jr. (Ga. Bar No. 715351)
8 LaGrange Street
P.O. Box 1011
Newnan, Georgia 30264
Tel: (770) 927-0085
Fax: (678) 884-9019

**Attorney for Plaintiff Metro Petro, LLC**